IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY A. RICHARDS, #286446     *
        Plaintiff,
v.                                   *    CIVIL ACTION NO. WDQ-14-1287

MENTAL HEALTH MANAGEMENT,     *
        Defendant.
                                     *****

MEMORANDUM

On April 15, 2014, Jeffrey A. Richards, who is currently housed at the Metropolitan Transition Center in Baltimore, Maryland, filed this 42 U.S.C. § 1983 lawsuit against the private mental health care service company, Mental Health Management ("MHM") complaining of their policy of not providing inmates with a continuing supply of prescription medication upon their release from prison. He charges defendant with "medical neglect and negligence" and seeks $1,000,000 in compensatory damages. ECF No. 1. Plaintiff filed neither the civil filing fee nor moved to proceed in forma pauperis. He shall not be required to cure these deficiencies as his complaint shall be summarily dismissed.

It is well settled law that a claimant may not recover against a municipality on a *respondeat superior* theory under 42 U.S.C. § 1983. *See Modell v. Dep't of Social Services,* 436 U.S. 658, 690-695 (1978). To the extent the complaint names MHM solely upon vicarious liability, circuit law is clear. Principles of municipal liability under § 1983 apply equally to a private corporation. Therefore, a private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982). The Complaint may not be brought against MHM.

Further, medical malpractice, a state tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) ("medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Negligence and malpractice are not constitutional violations and do not state a claim under § 1983. Finally, absent a showing of physical injury, 42 U.S.C. § 1997e(e) bars an inmate from seeking compensatory damages in all federal civil actions alleging constitutional violations and mental or emotional injuries. The Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for any emotional and mental injury. *See Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997). Plaintiff offers no particulars of the injury he experienced presumably when he was previously released without the unspecified prescription medication.

For the aforementioned reasons, the complaint shall be dismissed. A separate Order follows.

Date: April 21, 2014

William D. Quarles, Jr.
United States District Court Judge